UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CONMED CORPORATION,

          Petitioner-Cross-Respondent,    6:21-cv-1245 (BKS)

v.

FIRST CHOICE PROSTHETIC & ORTHOPEDIC SERVICE, INC.,

          Respondent-Cross-Petitioner.

---

**Appearances:**

*For Petitioner-Cross-Respondent:*
John G. Powers
Mary L. D'Agostino
Hancock Estabrook LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

*For Respondent-Cross-Petitioner:*
Gabriel M. Nugent
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

Luis A. Meléndez Albizu
Luis A. Meléndez Albizu & Assoc., PSC
Urb. San Francisco
117 Avenida De Diego
San Juan, Puerto Rico 00927

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Petitioner and Cross-Respondent Conmed Corporation filed a verified petition pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to partially vacate an arbitration award associated with an arbitration that occurred between Conmed and Respondent and Cross-Petitioner First Choice Prosthetic & Orthopedic Service, Inc. ("First Choice"). (Dkt. No. 1). First Choice filed a cross-petition pursuant to 9 U.S.C. § 9 to confirm the arbitration award. (Dkt. No. 43). On January 11, 2023, the Court issued a ruling on the parties' petitions in which it denied Conmed's petition to vacate and granted First Choice's cross-petition to confirm the arbitration award. (Dkt. No. 64). Presently before the Court is First Choice's motion pursuant to Federal Rule of Civil Procedure 59(e) for an order partially amending the Court's January 11 decision and judgment "to reconsider" the portion of the Court's decision denying First Choice's request for an award of attorney's fees. (Dkt. No. 66). Conmed opposed the motion, (Dkt. No. 74), and First Choice filed a reply in further support of its motion, (Dkt. No. 78). For the following reasons, First Choice's Rule 59(e) motion is denied.

**II.     PROCEDURAL AND FACTUAL BACKGROUND**

The Court assumes familiarity with the procedural and factual background of this case, as set forth in its January 11, 2023 decision. (*See* Dkt. No. 64).

**III.    STANDARD OF REVIEW**

A motion to amend or alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y.

2

2014) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) ). "It is well settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

## IV.  ANALYSIS

First Choice moves for reconsideration of that portion of the Court's decision denying First Choice's request for attorney's fees and costs under Section 7 of Puerto Rico's Dealer's Act ("Law 75"), arguing that the Court's denial constitutes a clear error and manifest injustice. (*See generally* Dkt. No. 66-1). First Choice argues that the Court committed a clear error of law by "overlook[ing] controlling case law as well as factual matters" that would have "certainly altered the result." (*Id.* at 4). Conmed responds that First Choice's motion impermissibly raises new arguments and that those new arguments are incorrect in any event. (*See generally* Dkt. No. 74).

Section 7 of Law 75 provides: "In every action filed pursuant to the provisions of this chapter, the court may allow the granting of attorney's fees to the prevailing party, as well as a reasonable reimbursement of the expert's fees." P.R. Laws Ann. tit. 10, § 278e. In support of its request for attorney's fees and costs pursuant to Section 7, First Choice "submit[ted] that the instant legal action is an action 'filed pursuant to the provisions' of Law 75" and accordingly requested an award of attorney's fees and costs "incurred in this legal action and that may be

3

assessable and recoverable as provided in Section 7." (Dkt. No. 47, at 31). The Court denied this request and explained:

> However, First Choice has provided no authority to support its contention that "the instant legal action is an action 'filed pursuant to the provisions' of Law 75," (Dkt. No. 47, at 31); nor has the Court found any. In any event, "an award of attorneys' fees under Law 75 is within the district court's discretion," *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 n.7 (1st Cir. 2008), and, considering all of the facts and circumstances here, including the fact that First Choice did not have to file an action to enforce Law 75 and the parties' relationship has continued, the Court would decline in its discretion to award First Choice attorney's fees.

(Dkt. No. 64, at 33–34).

First Choice now argues that the Court committed clear error by not finding that its cross-petition to confirm the arbitration award was an action "filed pursuant to the provisions" of Law 75. More specifically, First Choice argues that its cross-petition "had to be deemed" such an action because it "sought to vindicate statutory rights under Law 75" and First Choice "obtained a judgment that materially altered the legal relationship between the parties under Law 75." (Dkt. No. 66-1, at 7–8).[1] In doing so, First Choice relies on caselaw indicating that Section 7 was modeled after the fee-shifting provision contained in Title VII. (*See id.*). Conmed responds that (1) First Choice still has not provided any authority to support its argument that the instant action is one filed pursuant the provisions of Law 75 and (2) First Choice's argument that this determination should be based on Title VII or Section 1988 caselaw is a novel argument which could have been made prior to judgment but was not. (Dkt. No. 74, at 5–7).

The Court concludes that First Choice has not pointed to "controlling decisions or data that the court overlooked," *Gun Hill Rd. Serv. Station*, 2013 WL 1804493, at *1, 2013 U.S. Dist.

---

[1] Although First Choice argued in its original papers that "the instant legal action" was an action "filed pursuant to the provisions" of Law 75, (Dkt. No. 47, at 31), its motion for reconsideration appears to argue that its *cross-petition* to confirm the arbitration award is such an action, (Dkt. No. 66-1, at 7–8).

LEXIS 63207, at *3, or otherwise demonstrated that the Court's denial of its request for attorney's fees and costs constitutes a clear error or manifest injustice. Most significantly, First Choice did not previously raise the argument that what constitutes an "action filed pursuant to the provisions" of Law 75 should be determined by reference to caselaw interpreting the fee-shifting provisions of Title VII or Section 1988. Rather, First Choice nakedly asserted: "First Choice submits that the instant legal action is an action 'filed pursuant to the provisions' of Law 75," without providing any authority to support that assertion. (Dkt. No. 47, at 31). Conmed argued in its opposition papers that First Choice "unilaterally assert[ed]" that the instant action was one filed under Law 75 but "d[id] not actually provide the Court with any caselaw that has construed an application for confirmation or *vacatur* under the FAA to be one 'filed pursuant to the provisions' of Law 75 for purposes of [Section 7]." (Dkt. No. 52, at 23). Although First Choice filed a reply brief, it did not address this argument, but simply stated that Section 7 "provides for the recovery of fees and costs computed using the lodestar method if First Choice is the 'prevailing party' in this case." (Dkt. No. 60, at 12).

In its reply brief in further support of its motion for reconsideration, First Choice now suggests that its citation to the Puerto Rico Legislature's Statement of Motives in enacting Section 7 and to *Casco, Inc. v. John Deer Construction & Forestry Co.*, 596 F. Supp. 3d 359 (D.P.R. 2022), made it "clear[]" that First Choice, if it prevailed, was entitled to recover attorney's fees and costs under Section 7 "applying the 'prevailing party' test used by federal courts in Title VII cases, which meant that the fees . . . were 'virtually obligatory.'" (Dkt. No. 78, at 3–5; *see also* Dkt. No. 47, at 30–31). However, the Statement of Motives simply says that the Puerto Rico Legislature "deem[ed] it necessary to *allow* the granting of attorney's fees to the prevailing party under parameters *similar to* those under Title VII of the Civil Rights Act of

5

1964, as amended." (*See* Dkt. No. 47, at 30 (emphases added)). The Statement is not controlling authority clearly mandating the incorporation of Title VII caselaw to determine what constitutes an action "filed pursuant to the provisions" of Law 75 and which the Court overlooked. And, although *Casco* discusses Section 7's fee-shifting provision with reference to Title VII and Section 1988 standards, *see generally* 596 F. Supp. 3d at 370–74, that case was brought by a distributor under Law 75 for "unjust impairment and termination" of a dealer agreement, *id.* at 365. As Conmed pointed out in its opposition brief, (Dkt. No. 52, at 23), *Casco* was not brought pursuant to the FAA, and the case therefore shed no light on whether a petition to vacate or cross-petition to confirm an arbitration award is an action filed pursuant to Law 75.

Thus, First Choice has not shown that the Court overlooked controlling authority which was brought to its attention and which would likely have altered the outcome on First Choice's request for attorney's fees and costs. Because First Choice has not provided, and the Court has not found, any authority to support the proposition that the instant petitions are an action filed pursuant to the provisions of Law 75—the threshold determination in ruling on a request for attorney's fees and costs under Section 7 and the point on which the Court rested its ruling—the Court need not address First Choice's arguments that it committed clear error by noting that an award of attorney's fees under Section 7 is discretionary and stating that the Court "*would decline in its discretion*" to award fees. (*See* Dkt. No. 64, at 33–34 (emphasis added)). In any event, the remainder of First Choice's motion consists of caselaw and argument which it could have presented to the Court previously but did not. *See, e.g.*, *Navigators Ins. Co. v. Goyard, Inc.*, No. 20-cv-6609, --- F. Supp. 3d ---, 2022 WL 3568238, at *2, 2022 U.S. Dist. LEXIS 148661, at *3–46 (S.D.N.Y. Aug. 19, 2022) ("In deciding a motion for reconsideration, a court need not consider previously uncited cases, which necessarily do not involve an intervening change of

law." (citations omitted)); *Mody v. Gen. Elec. Co.*, No. 04-cv-358, 2006 WL 1168051, at *2, 2006 U.S. Dist. LEXIS 24439, at *6 (D. Conn. Apr. 26, 2006) (declining to "consider the cases that the plaintiff cited for the first time on the motion for reconsideration"); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting that courts entertaining a Rule 59(e) motion "will not address new arguments or evidence that the moving party could have raised before the decision issued" (citations omitted)).

V.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that First Choice Prosthetic & Orthopedic Service, Inc.'s motion to partially amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 66) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge